ELMER E. WENTWORTH ET AL. *vs.* WILLIAM S. MATHEWS, Admr.

York.    Opinion March 29, 1926.

*When by will the husband bestows a life tenancy in all his estate upon his wife, for her care, maintenance and support, with remainder over to his children, she also owning other property which she conserves, using the husband's estate largely for her care, maintenance and support, the remainder of her husband's estate, if any, should be restored to the personal representative of his estate by her administrator, in a proceeding in which those two personal representatives are parties.*

On appeal.    A bill in equity wherein the complainants are only a part of the children of Charles H. Wentworth under the provisions of whose will he gave to his wife a life tenancy in all of his estate, with remainder over to his children, to determine the rights of the complainants in such remainder.    A hearing was had upon the bill, answer and agreed statement, and the sitting Justice entered a decree dismissing the bill on the ground that the controversy should be determined by and between the representatives of the estates of the testator and his widow, and not by an action brought by an heir of the testator, Charles H. Wentworth, against the estate of his widow, from which decree an appeal was taken.    Appeal dismissed without costs.

The case fully appears in the opinion.

*John E. Macy and Linus C. Coggan,* for complainants.

*Mathews & Stevens,* for respondents.

SITTING: WILSON, C. J., PHILBROOK, MORRILL, STURGIS, BASSETT, JJ.

PHILBROOK, J.    This is a bill in equity, heard below by a Justice of this court, and from his decree, dismissing the bill, an appeal was taken to the Law Court.    The defendant is impleaded, both individually and in his representative capacity as administrator of the estate of Mrs. Wentworth.    The latter was the second wife of Charles H. Wentworth who, by his first wife, had four children, namely, Elmer E., George F., Charles A., and Sarah E., who married and so became

Sarah E. Wingate. Charles A. died before the decease of Isadore, his stepmother, unmarried, intestate and without issue, leaving his two brothers and his sister as his sole heirs and next of kin. The complainants, Elmer and George, "bring this bill on behalf of themselves and their said sister, Sarah Eunice Wingate, being all the heirs and devisees of said Charles H. Wentworth, provided their said sister shall desire to come in as a party complainant herein and contribute to the cost of these proceedings." In the caption of the bill Elmer was declared to be a resident of Boston. During the pendency of these proceedings he died and his widow appointed as his administratrix by decree of the Probate Court for Suffolk County, in the Commonwealth of Massachusetts, appeared in that representative capacity and assumed the prosecution of this action as party complainant in place of said Elmer E. Wentworth, deceased. By the findings of the sitting Justice Mrs. Wingate never appeared as complainant, and since the administratrix of Elmer, appointed by the Massachusetts Court, had no extra-jurisdictional authority, the only complainant to be heard was George, who was a resident of Berwick, in our county of York.

The controversy arises out of the provisions of the will of Charles H. Wentworth. In that document, after providing for payment of debts, funeral charges and expenses of administration, he makes but one testamentary disposition of his estate, which is as follows:

"I give, bequeath and devise to my beloved wife, Isadore W. Wentworth, for and during the term of her natural life, all my estate, real and personal to have, hold and use for and during the term aforesaid, and to expend all if necessary for her care, maintenance or support, and from and after the decease of my said wife, Isadore M. Wentworth, said estate or the residue and remainder thereof to my sons, Elmer E. Wentworth, George F. Wentworth and Charles A. Wentworth, and my daughter, Sarah Eunice Wingate, wife of Edward C. Wingate, of Exeter, New Hampshire, in such shares as my said wife, Isadore M. Wentworth, shall by her last will and testament give, order, limit or direct, and I do hereby appoint my said wife, Isadore M. Wentworth, sole executrix of this my last will and testament, hereby revoking all and any wills heretofore by me made."

Mrs. Wentworth died intestate, hence she did not exercise the power given by her husband's will to dispose of the residue of his estate. Therefore, all that remained of that residue, whether in the

same form that she received it, or in any new or changed aspect, so far as the same can be traced and identified, remains a constituent part of the testator's estate, declares the sitting Justice.    Among the property which passed to Mrs. Wentworth by her husband's will was certain money.    From this money she made expenditures for her care, maintenance and support.    But during the time between that in which her husband's will became operative and the date of her own death, she had money of her own, which money she essentially conserved by reason of the making of her expenditures largely from that which she received from her husband's estate.    This the plaintiffs allege to be against their secondary right to the residue of their father's estate. Wherefore, they pray for an accounting from the individual estate of Mrs. Wentworth, and the charging of the funds in the hands of her administrator with a trust in their favor, and the payment to each complainant of his respective share.    On the other hand it was urged that Mrs. Wentworth's honest judgment as to the expenditure of money derived from her husband's estate was final, without regard to whether that judgment was sound or otherwise.

The sitting Justice held that this contention was not then in order for decision.    He further held that the unexpended residuum of Mr. Wentworth's estate should be restored to the representative of that estate, to the end that he might pay it to those found to be entitled thereto; that although, in a sense, some of the money in the hands of the defendant belongs to the complainant, yet he is not to be permitted to maintain this suit for its recovery; that each heir at law of Charles H. Wentworth is not entitled to have the matter determined in his own action against the administrator of the estate of Mrs. Wentworth; that the real controversy is between the two estates; and that what the administrator of the estate of Mrs. Wentworth should restore to the administrator of the estate of Mr. Wentworth should be determined once for all in proceedings between those two estates.

When the proper parties present the main issue it can be finally decided but it cannot be so decided until such parties are before us.

*Appeal dismissed without costs.*